UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RODERICK FERRELL THOMAS, a/k/a
Rod,

            *Defendant-Appellant.*

No. 00-4367

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
C. Weston Houck, District Judge.
(CR-99-883)

Submitted: November 9, 2000

Decided: February 21, 2001

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert J. Harte, ROBERT J. HARTE, P.C., Aiken, South Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Roderick Ferrell Thomas appeals his criminal convictions and 120-month sentence imposed following his plea of guilty to possession with intent to distribute cocaine base and carrying a firearm during a drug trafficking offense. Thomas' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court conducted an inadequate Fed. R. Crim. P. 11 hearing and committed plain error at sentencing. The time for filing a supplemental brief has passed and Thomas has not responded, despite being advised of his right to do so. Because we find counsel's assignments of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Thomas' conviction and sentence.

On appeal, counsel identifies no specific error in the district court's Rule 11 hearing and our review of the record reveals none. The district court conducted a thorough hearing, insuring that Thomas understood the rights he would forego by pleading guilty, the elements of the charges to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of the Sentencing Guidelines. Further, the court ascertained that Thomas was competent to enter a plea, that the plea was voluntary and that a factual basis existed for his plea. *See* Fed. R. Crim. P. 11; *United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991). Thomas' substantial rights were adequately protected by the district court's proceedings. *See DeFusco*, 949 F.2d at 117.

Counsel identifies no specific error in the district court's sentencing proceeding and our review of the record reveals none. As counsel notes, there were no objections at the sentencing hearing, and as a result, any issue raised on appeal would be reviewed for plain error only. *See United States v. Perkins*, 108 F.3d 512, 516 (4th Cir. 1997). Thomas' Offense Level and Criminal History Category were properly calculated, and the district court properly applied the mandatory minimum sentences required by 18 U.S.C. § 924(c) (1994) and 21 U.S.C. § 841 (1994).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Forth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Thomas' conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*